UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KRISTOFFER THOMPSON,

    Plaintiff,

v.

G's PIZZERIA & DELI OF BAY CITY,
LLC and SCOTT GALEA, an individual,

    Defendants.

Case No: 1:24-cv-11901

Hon. David M. Lawson

---

| CANTRELL SCHUETTE | JACKSON LEWIS P.C. |
|---|---|
| Ashwin R. Trehan (P85278) | Allan S. Rubin (P44420) |
| Attorneys for Plaintiff | John S. Gilliam (P81421) |
| 401 E. Jackson St., Suite 2340 | Attorneys for Defendants |
| Tampa, Florida 33602 | 2000 Town Center, Suite 1650 |
| 813-705-6275 | Southfield, Michigan 48075 |
| atrehan@caklegal.com | (248) 936-1900 |
|  | allan.rubin@jacksonlewis.com |
|  | john.gilliam@jacksonlewis.com |

---

## UNOPPOSED AMENDED[1] MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff Kristoffer Thompson, by his attorneys, file this Unopposed Motion seeking entry of proposed Order Approving a FLSA Settlement, attached hereto as Exhibit A**,** which: (i) grants this motion; (ii) approves the Parties' Settlement

---

[1] This motion has been amended from the previously filed motion solely to correctly identify the Honorable David M. Lawson as the presiding judge.

1

Agreement; and (iii) dismisses this action with prejudice as to Plaintiff and without costs or fees to any party, except as provided in the Settlement Agreement. In support of this Unopposed Motion, Plaintiff states:

1. On July 23, 2024, Plaintiff filed his Complaint, initiating this action on behalf of himself, seeking damages for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (hereinafter referred to as "Plaintiff's Lawsuit"). [ECF No. 1].

2. Defendants filed their Answer and Affirmative Defenses on October 1, 2024, in which they denied the allegations in Plaintiff's Complaint and asserted eighteen (18) affirmative defenses. [ECF No. 14].

3. This case was filed as an individual action. It is not a collective action under 29 U.S.C. §216(b) or a class action under Rule 23 of the Federal Rules of Civil Procedure.

4. Since the filing of the Complaint, the Parties have exchanged hundreds of pages of documents, the attorneys have met in person, and the Parties have held meet and confer conferences where they discussed, among other things: the viability of Plaintiff's claims, pay and timekeeping data, and the resolution.

5. Ultimately, the Parties decided to settle Plaintiff's claim, as each party believe that settlement would be in their best interest.

6. The Parties now seek this Court's approval of the Parties' Settlement Agreement and dismissal of the case with prejudice.

7. The Parties agree that the negotiated voluntary compromise is appropriate because the Parties recognize the cost and their respective risks associated with proceeding with lengthy, expensive, and contentious litigation. The detailed and material terms of the Settlement Agreement are discussed in the attached Brief in Support of the Unopposed Motion to Approve FLSA Settlement.

8. The Settlement Agreement provides that Defendant shall pay Plaintiff a settlement payment, which is inclusive of: (i) monetary payments to Plaintiff; and (ii) payment for Attorneys' Fees and Costs (as approved by this Court). The Settlement Agreement is attached as Exhibits B.

9. The Parties agree that the Settlement Agreement is a fair and reasonable resolution and compromise of a *bona fide* dispute over issues arising under Plaintiff's FLSA claims. Thus, Plaintiff respectfully requests this Court approve the Parties' Settlement Agreement and dismiss this case with prejudice and without costs or fees to any party, except as provided in the Settlement Agreement.

WHEREFORE, Plaintiff moves this Court for entry of the proposed Order Approving Settlement Agreement, attached hereto as Exhibit A, which: (i) grants this motion; (ii) approves the Parties' Settlement Agreements; and (iii) dismisses

this action with prejudice, and without costs or fees to any party, except as provided in the Settlement Agreement.

Dated: May 1, 2025                        Respectfully submitted,

                                           */s/ Ashwin R. Trehan*
                                           CANTRELL SCHUETTE
                                           Ashwin R. Trehan (P85278)
                                           Attorneys for Plaintiff
                                           401 E. Jackson St., Suite 2340
                                           Tampa, Florida 33602
                                           813-705-6275
                                           atrehan@caklegal.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KRISTOFFER THOMPSON,

    Plaintiff,

v.

G's PIZZERIA & DELI OF BAY CITY,
LLC and SCOTT GALEA, an individual,

    Defendants.

Case No: 1:24-cv-11901

Hon. Thomas L. Ludington

## STATEMENT OF QUESTION PRESENTED

Should this Court approve the Settlement Agreement between Parties as fair and reasonable and dismiss this case with prejudice.

 Plaintiff Answers: Yes.

 Defendants Answer: Yes. This Motion is unopposed.

## Controlling Authorities

*In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984).

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

29 U.S.C. §201, et seq.

**FACTUAL BACKGROUND**

I.     **Introduction**

On July 23, 2024, Plaintiff filed his Complaint, initiating this action on behalf of himself, seeking damages for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (hereinafter referred to as "Plaintiff's Lawsuit"). [ECF No. 1]. This is an individual action, not a collective action under 29 U.S.C. §216(b) or a class action under Rule 23 of the Federal Rules of Civil Procedure.

Defendants filed their Answer and Affirmative Defenses on October 1, 2024. In their Answer, Defendants denied the allegations in Plaintiff's Complaint and asserted eighteen (18) affirmative defenses. [ECF No. 14]. Since the filing of the Complaint, no people have opted into this case.

The Parties have exchanged hundreds of pages of documents, the attorneys have met in person, and the Parties have held meet and confer conferences where they discussed, among other things: the viability of Plaintiff's claims, pay and timekeeping data, and the resolution.

Ultimately, the Parties decided to settle Plaintiff's claim, as each party believes that settlement would be in their best interest. Under the terms of the settlement, Plaintiff's claim would be dismissed with prejudice. The Parties now seek this Court's approval of the Parties' Settlement Agreement and dismissal of the case with prejudice.

The Parties agree the negotiated voluntary compromise is appropriate because the Parties recognize the cost and risks associated with proceeding with lengthy, expensive, and contentious litigation. The detailed and material terms of the Settlement Agreement are discussed in the attached Brief in Support of the Unopposed Motion to Approve FLSA Settlement.

The Settlement Agreement provides that Defendant shall pay Plaintiff a settlement payment, which is inclusive of: (i) monetary payments to Plaintiffs; and (ii) payment for Attorneys' Fees and Costs (as approved by this Court). The Settlement Agreement is attached as Exhibits B.

The Parties agree that the Settlement Agreement is a fair and reasonable resolution and compromise of a *bona fide* dispute over issues arising under Plaintiff's FLSA claims. Thus, Plaintiff respectfully requests this Court approve the Parties' Settlement Agreement and dismiss this case with prejudice, and without costs or fees to any party, except as provided in the Settlement Agreement.

**II.     Settlement Terms and Documents**

Plaintiff submits the following settlement documents for the Court's approval or entry:

Exhibit A:   (Proposed) Order Approving FLSA Settlement

Exhibit B:   Kristoffer Thompson Settlement Agreement

If approved by the Court, the Agreement will cover Plaintiff's claims only. (Exh. B). The Gross Settlement Amount is inclusive of payment for: (i) monetary payment to Plaintiff; and (ii) payment for Attorneys' Fees and Costs (as approved by this Court). *Id*.

## LAW AND ARGUMENT

**I.      The Settlement is a Fair and Reasonable Resolution of a Bona Fide Dispute.**

The circuits are split on whether the settlement of FLSA claims requires Court approval." *Reed v. M3K, LLC*, 2023 WL 8440262, at *1 (E.D. Tenn. Dec. 5, 2023) (*comparing, e.g., Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same)); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019) (no Court approval of attorneys' fees required); *Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960, 964-65 (E.D. Mich. 2021) (collecting cases). But in this district, it is generally accepted in that "[j]udicial approval of settlement agreements in FLSA cases is necessary for an agreement to be enforceable." *Zambrano v. Motorcity Burger Co.*, 2017 WL 1477111, at *2 (E.D. Mich. Apr. 25, 2017); *see also, Cruz v. Don Pancho Mkt., LLC*,

3

2016 W.L. 4531142, at *2 (W.D. Mich. Aug. 23, 2016) (internal citation omitted).[2]

"Before approving a private FLSA settlement, the court 'must scrutinize the proposed settlement for fairness and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Darling v. Dow Chem. Co.*, No. 1:22-cv-13093, 2023 U.S. Dist. LEXIS 218105, at *4 (E.D. Mich. Dec. 7, 2023) (citing *Williams v. K&K Assisted Living LLC*, No. 2:15-CV-

---

[2] A growing number of district courts in other circuits have recently analyzed with more scrutiny whether court-approval of FLSA settlements is required, and many have concluded that approval is not required. *See e.g.*, *Corbett v. Pub. Employees' Ret. Sys.*, 2024 WL 518895 (D. Nev. Feb. 9, 2024) ("Rule 41(a)(1)(A) and FLSA's text do not require judicial approval of individual FLSA settlements, and in doing so, it joins the growing number of courts which hold the same."); *Walker v. Marathon Petroleum Corp.*, 2023 WL 4837018 (W.D. Pa. July 28, 2023) (judicial approval is not required for settlement of a bona-fide wage dispute under the FLSA, for either a single plaintiff agreement or a collective action agreement); *Evans v. Centurion Managed Care of Arizona LLC*, 2023 WL 5095201 (D. Ariz. Aug. 9, 2023); *Regalado v. Albuquerque Mail Serv., Inc.*, 2023 WL 3649001 (D. N.M. May 25, 2023); *Alcantara v. Duran Landscaping, Inc.*, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022). The Sixth Circuit has not decided the issue. One district court in this Circuit has reached the persuasive conclusion that Court approval is not required. *See Askew v. Inter-Continental Hotels Corp.*, 5:19-cv-24, 2022 WL 3161927 (W.D. Ky. Aug. 8, 2022); *see also Alcantara v. Duran Landscaping, Inc.*, No. 2:21-cv-03947, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022). But other courts in this Circuit, have regularly found it appropriate to review FLSA settlements for approval at the Parties' request. *See, e.g., Ross v. Subcontracting Concepts, LLC*, 2022 WL 6736276 (E.D. Mich. Oct. 11, 2022). Until the Sixth Circuit addresses the issue, out of an abundance of caution, Plaintiffs believe, and Defendant concurs, that it appropriate to submit this settlement for approval. However, neither Plaintiff nor Defendant concedes that such approval is required. And no judicial approval is necessary to approve the settlement of claims brought under Michigan law.

4

11565, 2016 U.S. Dist. LEXIS 9310, 2016 WL 319596, at *1 (E.D. Mich. Jan. 27, 2016); *Lakosky v. Disc. Tire Co.*, No. 14-13362, 2015 U.S. Dist. LEXIS 99960, 2015 WL 4617186, at *1 (E.D. Mich. July 31, 2015). A bona fide dispute exists if "whether some issue of the employer's liability is "actually and reasonably in dispute." *Athan v United States Steel Corp*, 523 F Supp 3d 960, 965 (E.D. Mich, 2021), citing, *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-CV-12302, 2015 U.S. Dist. LEXIS 2989, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015). Here the parties agree that a bona fide dispute exists as to both liability and damages.

To determine whether a proposed settlement is fair and reasonable, the court may consider several factors:

> (1) The plaintiff's range of possible recovery;
>
> (2) The extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;
>
> (3) The seriousness of the litigation risks faced by the parties;
>
> (4) Whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and
>
> (5) The possibility of fraud or collusion.

*Id.* (citing *Walker v. Ryan Transp.*, No. 2:20-CV-11688, 2021 U.S. Dist. LEXIS 111688, 2021 WL 2786547, at *2 (E.D. Mich. June 15, 2021) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012))).

The district court may choose to "consider only factors that are relevant to the settlement and may weigh particular factors according to the demands of the case." *IUE-CWA v. General Motors Corp.,* 238 F.R.D. 583, 594-95 (E.D. Mich. 2006). As shown below, the standard supports the Settlement's approval.

### A. The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval

Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming, and the range of recovery can vary greatly based on evidence of willfulness and, where, as here, a plaintiff alleges failure to pay overtime wages and retaliation for complaining about illegal pay practices, a plaintiff's evidentiary support for such overtime work and a Defendant's knowledge of the purported failure to pay overtime wages.

Here, Plaintiff alleges that Defendant violated the FLSA by failing to pay overtime wages and manipulating Plaintiff's time entries. Further, Plaintiff alleges that Defendants retaliated against him because he complained about illegal pay practices.

Contrary to Plaintiff's claims, Defendants deny Plaintiff's overtime pay allegations, allege that Defendants do not manipulate time entries, or that Plaintiff was retaliated against for complaining about alleged illegal pay practices. Thus, Defendants contend that Plaintiff will be unable establish he worked overtime, Defendants knew about it, and Plaintiff was not paid overtime wages.

Further, even if Plaintiff could succeed on the merits (which Defendants contend Plaintiff cannot), Defendants assert that Plaintiff would not be able to prove a willful violation of the law, and thus, no wages would be owed for the third year of the three-year limitations period, thereby reducing Plaintiff's claim substantially. Thus, a bona fide dispute exists as to both liability and damages, which this settlement resolves.

And if forced to litigate this case further, the Parties would engage in complex, costly, and protracted discovery, which would be expensive and time consuming given the factual and legal disputes between the Parties. The Settlement, on the other hand, provides prompt, efficient, and substantial relief to Plaintiff.

### B. The Risks of Litigation Favor Approval

"The likelihood of success . . . provides a gauge from which the benefits of the settlement must be measured." *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984). Given the factual and legal complexity of this matter, it is difficult to assess Plaintiff's likelihood of success at trial. Plaintiff's claims are based on disputed issues of fact and law and Plaintiff's success at trial is far from guaranteed. In sum, although Plaintiff asserts that the claims are meritorious, Defendants deny engaging in wrongdoing. Thus, the action is not without risk. This factor thus weighs in favor of approval.

Counsel for both Parties believe in the merits of their respective clients'

positions, but nonetheless recognize that litigation is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendants raise multiple affirmative defenses to Plaintiffs' claims, including that in light of Defendant's clocking procedures, Plaintiff's claims are barred by *White v. Baptist Mem'l Health Care Corp.,* 699 F.3d 869 (6th Cir. 2012)*,* if any failure in payment for time worked was caused by Plaintiff's failure to follow Defendant's reasonable time reporting processes and procedures. "When [an] employee fails to follow reasonable time reporting procedures [he] prevents the employer from knowing its obligation to compensate the employee and thwarts the employer's ability to comply with the FLSA." *White*, 699 F.3d at 876 (citations omitted). Employers who provide reasonable procedures for capturing unreported work are not liable for unpaid work when an employee fails to follow the established procedures. *Id.* Given the factual disputes and Defendants' defenses to Plaintiff's claims, continued litigation would be risky for all and at each stage, including notice, decertification, summary judgment, and trial.

Even if Plaintiff succeed on the merits of his claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree. Additionally, a jury could find that Defendants acted in good faith, and thus not award any liquidated damages. Any of these scenarios could result in a monetary award of less than the amount obtained through the Settlement.

8

### C. Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation prior to negotiating the Settlement. Substantial information was exchanged and all aspects of the dispute are well-understood, and the Settlement was competently negotiated by both sides.

### D. Counsel and Plaintiff Favor the Agreement

The endorsement of experienced counsel "is entitled to significant weight, and supports the fairness of the [] settlement." *UAW v. Ford Motor Co.*, 2008 WL 4104329, at *26 (E.D. Mich. Aug. 29, 2008). Here, Plaintiff's Counsel believes the settlement is fair, reasonable, and adequate. Plaintiff's Counsel has extensive experience in wage-and-hour actions, has acted in good faith, and has vigorously represented his client in negotiating the Settlement. Plaintiff has been fully informed and involved in the settlement process and agrees to the Settlement. *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 533 (E.D. Ky. 2010), *aff'd sub nom. Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011).

### E. No Indicia of Fraud or Collusion Exists

Absent evidence to the contrary, "the court may presume that no fraud occurred and that there was no collusion between counsel." *Crawford v. Lexington-Fayette Urb. Cnty. Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, 2008 WL 4724499, at *6 (E.D. Ky. Oct. 23, 2008). Here, there is no evidence of fraud or

collusion. Rather, the Parties' respective counsel has extensive experience litigating claims under the FLSA. The Settlement was achieved after arms-length and good faith negotiations between the Parties. And the settlement binds no one but Plaintiff.

## II. Plaintiff's Counsel's Request for Fees and Costs is Reasonable and Appropriate in this Case.

Section 216(b) of the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). An award of attorneys' fees to a prevailing Plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

When assessing the reasonableness of a fee award, district courts engage in a two-part analysis. *See In re Cardinal Health Inc. Sec. Litig.*, 528 F.Supp.2d 752, 760 (S.D. Ohio 2007). First, the district court determines the method for calculating fees: either the percentage of the fund approach or the lodestar approach. *Id.* (citation omitted). Second, the court must analyze the six factors set forth by the Sixth Circuit in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). *Id.*

### 1. The Court Should Adopt the Percentage Approach.

In the Sixth Circuit, district courts may award fees based on either the "percentage-of-the-fund" or "lodestar." *In re Cardinal Health Inc. Sec. Litigs.*, 528

F.Supp.2d at 761. This flexible approach allows the Court to account for the unique and varied circumstances present in each action.

The "percentage approach is 'the most appropriate method for determining reasonable attorneys' fees' in wage and hour cases." *Hebert v. Chesapeake Operating, Inc.*, 2019 WL 4574509, *4 (S.D. Ohio Sept. 20, 2019) (*quoting Swigart v. Fifth Third Bank*, 2014 WL 3447947, *5-6 (S.D. Ohio July 11, 2014)). "Absent compelling reasons to the contrary," courts apply the percentage method in wage and hour cases, "as it best reflects FLSA's employee-protection objective." *Dewald v. Time Warner Cable Inc.*, 2021 U.S. Dist. LEXIS 32459, *16 (S.D. Ohio Feb. 16, 2021). "While the lodestar approach incentivizes attorneys to work more hours . . . the percentage approach instead 'rewards counsel for success and penalizes it for failure.'" *Id.* As such, absent compelling reasons to the contrary, the percentage method is "preferred." *Arp v. Hohla & Wyss Ents., LLP*, 2020 U.S. Dist. LEXIS 207512, at *3 (S.D. Ohio Nov. 5, 2020. Here, the Court should use the preferred method in this district.

### 2. The *Ramey* Factors

To ensure a fee is reasonable, courts also analyze the six factors set forth by the Sixth Circuit in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). The *Ramey* factors include: (1) the value of the benefits rendered; (2) society's stake in rewarding attorneys who produce such benefits in order to

11

maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis (the lodestar cross-check); (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. There is not a formula for weighing the factors. *See NorCal Tea Party Patriots v. Internal Revenue Serv.*, 2018 WL 3957364, *1 (S.D. Ohio Aug. 17, 2018). Moreover, "the Court should be mindful that each case presents a unique set of circumstances and arrives at a unique settlement, and thus different factors could predominate depending on the case." *In re Cardinal Health Inc. Sec. Litigs.*, 528 F.Supp.2d at 764. Here, each of these factors weighs in favor of granting the requested fees and costs.

First, Plaintiff's counsel's work resulted in a benefit to the Plaintiff. Plaintiff will receive a Settlement payment that has been negotiated to reflect the Parties' value of Plaintiff's disputed claims. These are payments that Plaintiff probably could not have obtained on his own. *Id.*

Second, Plaintiff's Counsel litigated this matter on a wholly contingent basis with no guarantee of recovery. This supports the proposed fee award.

Plaintiff's Counsel's work does not end at settlement approval. Plaintiff's Counsel frequently spends additional time, dealing with Plaintiff's inquiries, and other post-approval matters, and such additional work is expected in this case.

To date, Plaintiffs' Counsel has incurred 22.7 hours and $11,577 in lodestar time attorneys' fees, and $690.95 in out-of-pocket litigation costs. Thus, Plaintiff's Counsel has accumulated fees in excess of those paid for by the Settlement.

Third, and finally, Plaintiff and Defendants are represented by experienced counsel. All counsel are highly qualified and have substantial experience in federal courts wage and hour litigation. Counsels' professional skill and standing support approving the fee.

For these reasons, the Court should determine that the requested fees and costs are reasonable and approve the request for attorneys' fees in the amount of nine thousand three hundred seventy-five dollars and eighty-six cents ($9,375.86).

## **CONCLUSION**

WHEREFORE, Plaintiff moves this Court for entry of the proposed Order Approving Settlement Agreement, attached hereto as Exhibit A, which: (i) grants this motion; (ii) approves the Parties' Settlement Agreement; (iii) dismisses this action with prejudice; and (iv) without costs or fees to any party, except as provided in the Settlement Agreement.

Dated: May 1, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2025, I electronically filed a copy of the foregoing. Notice of this filing will be sent to all parties via the Court's electronic filing system. Parties may access the filing through the Court's system.

*/s/ Ashwin R. Trehan*
Attorney
